IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION


HEATHER JONES a/k/a HEATHER
DEMPSEY, individually, and on behalf
of all others similarly situated                                                        PLAINTIFF

v.                                              Case No. 1:18-cv-01025

ECONOMIC RECOVERY CONSULTANTS, INC.
and JOHN DOES 1-25                                                                    DEFENDANT

## ORDER

Before the Court is a Motion for Judgment on the Pleadings filed by Defendant Economic

Recovery Consultants, Inc. ("Defendant"). ECF No. 7. Plaintiff has filed a response. ECF No.

13. The Court finds this matter ripe for its consideration. For the reasons explained below,

Defendant's motion is granted.

## I. BACKGROUND

This action arises under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq*.

("FDCPA"). Defendant is a "debt collector" within the meaning of FDCPA, with its principal

place of business in Searcy, Arkansas. ECF No. 1, ¶ 6. According to the Complaint, Plaintiff

allegedly incurred a debt to Ouachita County Medical Center ("Ouachita Medical") for medical

services provided to Plaintiff. *Id*. at ¶ 20. Defendant contracted with Ouachita Medical to collect

the alleged debt. *Id*. at ¶ 23. On January 31, 2018, Plaintiff received a collection letter from

Defendant demanding payment on her past due account with Ouachita Medical. *Id*. at ¶ 25. The

top paragraph of the letter reads "Please be advised that your account has been assigned to

[Defendant]. You are directed to address all future correspondence and payments concerning this

account to the address below." *Id*. at ¶ 30. Plaintiff alleges, however, that the letter "fails to

provide any address below this language where the consumer can dispute or get information about

the debt." *Id*. at ¶ 31. It is further alleged that the only information below the paragraph is a phone number for Defendant's collection department. *Id*. at ¶ 31.

On April 27, 2018, Plaintiff, on behalf of herself and all other similarly situated consumers, filed a putative class action complaint against Defendant, alleging two violations of the FDCPA stemming from the collection letter. Specifically, Plaintiff alleges that Defendant "made deceptive and misleading representations when [it] sought to collect a debt from Plaintiff but failed to provide an address where [it] could be contacted, in violation of 15 U.S.C. §§ 1692 and 1692e(10)." *Id*. at ¶ 37. In addition, Plaintiff asserts that Defendant violated 15 U.S.C. § 1692g because the letter failed "to clearly display the address to send disputes" and only provided a phone number, thereby causing consumers' rights to be limited. *Id*. at ¶ 42.

On June 6, 2018, Defendant filed the instant motion pursuant to Federal Rule of Civil Procedure 12(c), arguing that Plaintiff's allegations regarding the collection letter are unsupported by the contents of the letter. Specifically, Defendant asserts that its address is listed below the directive to "address all future correspondence and payments concerning this account to the address below." Defendant further contends that its address is listed at the top of the letter. According to Defendant, an unsophisticated consumer would not be misled as to its mailing address. Thus, the letter is not deceptive or violative of the FDCPA as a matter of law, according to Defendant. With this background in mind, the Court will turn to the merits of the instant motion.

## II. LEGAL STANDARD

For a motion for judgment on the pleadings under Rule 12(c), a court shall apply the same legal standard as it does for a motion to dismiss under Rule 12(b)(6). *Ashley Cnty., Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009). A pleading must state "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To meet this standard

and to survive a Rule 12(b)(6) motion, a complaint need only state factual allegations sufficient to raise a right to relief above the speculative level that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In deciding a Rule 12(b)(6) motion, courts are required to accept all of the complaint's well-pled allegations as true and resolve all inferences in the plaintiff's favor. *Miller v. Redwood Toxicology Lab., Inc.*, 688 F.3d 928, 933 n.4 (8th Cir. 2012). However, this tenet does not apply to legal conclusions, "formulaic recitation of the elements of a cause of action," or naked assertions which are so indeterminate as to require further factual enhancement. *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). "Judgment on the pleadings is appropriate only when there is no dispute as to any material facts and the moving party is entitled to judgment as a matter of law." *Wishnatsky v. Rovner*, 433 F.3d 608, 610 (8th Cir. 2006).

When considering a motion for judgment on the pleadings, a court must generally ignore all materials outside the pleadings. *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999). However, courts may consider "some materials that are part of the public record or do not contradict the complaint . . . as well as materials that are necessarily embraced by the pleadings." *Id.* (internal quotation marks omitted). Thus, the Court will decide the instant motion under the Rule 12(b)(6) standard.

### III. DISCUSSION

**A. Whether the Complaint Fails to State a Claim Under 15 U.S.C. § 1692e(10)**

Defendant first argues that it is entitled to judgment on the pleadings as to Count I of Plaintiff's Complaint. Count I of the Complaint alleges that Defendant violated 15 U.S.C. § 1692e,

which prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Section 1962e(10) makes it unlawful to use "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

"In evaluating whether a debt collection letter is false, misleading or deceptive, the letter must be viewed through the eyes of the unsophisticated consumer." *Duffy v. Landberg*, 215 F.3d 871, 873 (8th Cir. 2000) (citation omitted). "This standard is designed to protect consumers of below average sophistication or intelligence without having the standard tied to the very last rung on the sophistication ladder." *Haney v. Portfolio Recovery Assocs., L.L.C.*, No. 15-1932, 2016 WL 11265606, at *4 (8th Cir. Sept. 21, 2016) (citations and quotations omitted). Although the standard "protects the uninformed or naive consumer . . . [it] also contains an objective element of reasonableness to protect debt collectors from liability for peculiar interpretations of collection letters." *Id*. "Language in a debt-collection letter cannot be viewed in isolation; the letter must be viewed 'as a whole' to determine whether it runs afoul of the FDCPA." *Hubbell v. Am. Accounts & Advisors, Inc.*, No. 13-1157, 2013 U.S. Dist. LEXIS 160315, at *6 (D. Minn. Oct. 7, 2013) (citing *Adams v. J.C. Christensen & Assocs., Inc.*, 777 F. Supp. 2d 1193, 1196 (D. Minn. 2011)).

In the instant motion, Defendant takes the position that "no reasonable consumer could be harassed, misled or deceived as to [its] mailing address by the contents" of the letter. ECF No. 8, p. 7. In support of this position, Defendant points to a payment slip located at the bottom of the letter which directs the recipient, in bold text, to "detach and return with your payment." ECF No. 8-1. Defendant maintains further that its mailing address is also located in the top left corner of the letter. *Id*. In addition, Defendant asserts that its local and toll-free telephone numbers are printed at the top and in the body of the letter, and its web address is printed on the payment slip.

*Id.* Thus, according to Defendant, a consumer could use its telephone numbers and web address to obtain its mailing address, if necessary.

In response, Plaintiff urges the Court to deny Defendant's motion because the letter "conveys multiple deceptive pieces of information which convey different meanings and leave the unsophisticated consumer to question her rights and responsibilities under the FDCPA." ECF No. 13, p. 6. Plaintiff directs the Court's attention to the body of the letter, which states in relevant part:

> You are directed to address all future correspondence and payments concerning this account to the address listed below:
>
> Sincerely,
> Collections Department
> (501) 268-8600   Toll Free:  866-239-6274.

ECF No. 8-1. According to Plaintiff, "this portion of the Letter is deceptive as it advises the consumer to send disputes or payments to an address, but the address is not listed below. Rather, it is solely a phone number." ECF No. 13, p. 5. Plaintiff argues further that the letter lists two different addresses, which is "deceptive" because a "consumer would have no idea which was the correct address to contact Defendant." *Id.*

Upon consideration, the Court concludes that Plaintiff has failed to state a plausible claim for relief under § 1962e(10). Although Defendant's mailing address is not listed *directly* underneath the directive to "address all future correspondence and payments concerning this account to the address below," it is listed on a payment slip attached to the bottom of the letter. Moreover, the Court is unpersuaded by Plaintiff's argument that the letter lists two different addresses. The address listed in the top left corner of the letter reads as follows:  P.O. Box 200, 1000 South Main St., Ste. 101, Searcy AR 72145-0200. In comparison, the address listed at the bottom of the letter reads as follows:  P.O. Box 200, Searcy AR 72145-0200. Thus, Defendant

5

lists the same address in both locations, except that it included its physical address—in addition to its post office box—in the top left corner and only listed its post office box at the bottom of the letter. In addition, its address is set apart from any surrounding text on both locations.

In sum, viewing the letter "as a whole," the Court is unconvinced that an unsophisticated consumer would be confused regarding the correct address to contact Defendant. Accordingly, the Court finds that Defendant is entitled to judgment on the pleadings with regard to Plaintiff's section 1692e(10) claim.

## B. Whether the Complaint Fails to State a Claim Under 15 U.S.C. § 1692g

Next, Defendant argues that it is entitled to judgment on the pleadings with regard to Count II of the Complaint, which alleges that Defendant violated 15 U.S.C. § 1692g because it fails "to clearly display the address to send disputes as it stated it would, and only provide[s] a phone number causing the [consumers'] rights to be limited." ECF No. 1, ¶ 42. Section 1692g(a) provides, in relevant part, as follows:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).

Defendant maintains that Plaintiff's section 1692g claim fails because its address is displayed in two separate locations on the letter and, therefore, no consumer could be "harassed, mislead or deceived by the contents of the letter as alleged by . . . Plaintiff in Count II" of the Complaint. ECF No. 8, p. 7. In response, Plaintiff argues that the letter violates section 1692g(a)(3) because the letter "only lists a telephone number as [Defendant's] sole contact information" despite advising Plaintiff to contact Defendant in writing to dispute the alleged debt. ECF No. 13, p. 6. Thus, according to Plaintiff, she was "led to believe that she could only communicate via telephone to Defendant" regarding her debt. *Id.*

Upon consideration, the Court finds that Defendant is entitled to judgment on the pleadings with regard to Count II of the Complaint. As stated above, Count II of the Complaint alleges that Defendant violated section 1692g by failing "to clearly display the address to send disputes" in the letter, "and only provide[s] a phone number causing the [consumers'] rights to be limited." ECF No. 1, ¶ 42. The Court has found that the letter in dispute displays Defendant's address in two separate locations, in addition to listing a phone number. Thus, the Court agrees with Defendant that Plaintiff's claim under section 1692g fails because the letter provides an address for Plaintiff to send correspondence to dispute her alleged debt, despite Plaintiff's allegations that the letter lists a telephone number as Defendant's "sole contact information." Accordingly, the Court finds that Defendant is entitled to judgment on the pleadings as to Count II of Plaintiff's Complaint.[1]

---

[1] Plaintiff further argues that the disputed letter violates section 1692g(a)(3) by requiring Plaintiff to dispute the alleged debt in writing. The only allegation set forth in Plaintiff's Complaint that directly relates to this argument is paragraph 32, which states that "the only information given below [the top paragraph] is the phone number for the collection department, implying that the dispute process can be done completely over the phone, which would significantly limit

## IV. CONCLUSION

For the reasons explained above, the Court finds that Defendant's Motion for Judgment on the Pleadings (ECF No. 7) should be and hereby is **GRANTED**. Accordingly, Plaintiff's Complaint is hereby **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**, this 14th day of August, 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge

---

the consumer's dispute rights." ECF No. 1, ¶ 32. Because Plaintiff's argument rests on the assertion that the disputed letter only lists Defendant's telephone number, the Court finds that Plaintiff's argument that the letter violates section 1692g(a)(3) likewise fails.